IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mohammed Jilani,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Dean, Brendall Mathis, Lindsey Overby, and Spartanburg County Sheriff's Office,<br><br>Defendant. | ) | Civil Action No. 7:25-cv-9803-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Mohammed Jilani's ("Plaintiff") *pro se* complaint against Defendants Matthew Dean ("Dean"); Brendall Mathis ("Mathis"); Lindsey Overby ("Overby"); and Spartanburg County Sheriff's Office ("SCSO") (collectively, "Defendants"), which was filed pursuant to 42 U.S.C. § 1983. In his second amended complaint, Plaintiff asserts that Defendants violated his constitutional rights during the course of a traffic stop and search of Plaintiff's vehicle on January 29, 2024, and during the course of Plaintiff's resulting prosecution. (ECF No. 41.) At the time he filed this action, and at the time he filed his second amended complaint in November of 2025, Plaintiff was a pretrial detainee.

After filing his second amended complaint, Plaintiff filed a number of motions, including a motion for partial summary judgment. (*See* ECF Nos. 46, 46, 48, 54, 55, 56, 58, 59, 73.) On December 18, 2025, Defendants also filed a motion for summary judgment. (ECF No. 70.) The matters were referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

On January 21, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending, among other things, that the Court deny Plaintiff's motion for partial summary judgment and grant in part Defendants' motion for summary judgment and stay this case until Plaintiff's underlying criminal prosecution is resolved, in accordance with *Wallace v. Kato*, 549 U.S. 384 (2007). (ECF No. 88 at 12, 33.) Alternatively, the Magistrate Judge recommends that the Court grant in full Defendants' motion for summary judgment and dismiss all of Plaintiff's claims on the merits. (*Id*. at 14-33.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.

After being mailed a second copy of the Magistrate Judge's Report, Plaintiff filed objections on February 25, 2026. (*See* ECF Nos. 98, 100.) Defendants filed a reply to Plaintiff's objections, and Plaintiff filed a sur-reply. (ECF Nos. 101, 103.) In addition to filing objections, Plaintiff has filed numerous other letters and motions, including a motion to appoint counsel, a motion for consideration of a supplemental filing for consideration of bad faith by state officials, a motion for sanctions, a motion for an expert witness, a motion for proper relief, and a motion for relief and supplemental disputed facts and/or objections. (ECF Nos. 94, 106, 110, 112, 113, 117.)

For the following reasons, the Court overrules Plaintiff's objections and denies his other motions, and the Court adopts in part the Magistrate Judge's Report. Stated plainly, the Court finds that Plaintiff's § 1983 claims are subject to dismissal under *Heck v. Humphrey* absent proof by Plaintiff that his underlying convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 487 (1994).

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

**I. The Magistrate Judge's Findings**

As previously noted, in her Report issued on January 21, 2026, at which time Plaintiff was still a pre-trial detainee, the Magistrate Judge first recommended that the Court deny Plaintiff's motion for partial summary judgment and grant in part Defendants' motion for summary judgment, thereby staying this action pursuant to *Wallace* until the resolution of Plaintiff's underlying criminal proceeding. (*See* ECF No. 88 at 11-13.) Alternatively, if

the Court were to decline to adopt the Magistrate Judge's recommendation regarding *Heck* and *Wallace*, the Magistrate Judge recommended that the Court grant in full Defendants' motion for summary judgment and dismiss Plaintiff's claims on the merits. (*Id.* at 14-33.)

As to her recommendation regarding *Heck* and *Wallace*, which the Court ultimately finds dispositive of this case as further outlined below, the Magistrate Judge explained that in *Heck*, the Supreme Court held that a state prisoner cannot bring a suit for damages under § 1983 if a judgment in the prisoner's favor would necessarily imply the invalidity of his conviction or sentence.[1] (ECF No. 88 at 11 (quoting *Heck*, 512 U.S. at 487-87).) However, as the Magistrate Judge also noted, the Supreme Court clarified in *Wallace v. Kato* that *Heck* does not apply in the pre-conviction setting, and that it instead is common practice to stay a civil suit filed before a pretrial detainee has been convicted. 549 U.S. 384 (2007). Although Defendants failed to address *Wallace* in their filings, the Magistrate Judge ultimately found that it was appropriate to stay this action until Plaintiff's underlying criminal action ended. (ECF No. 88 (quoting *Wallace*, 549 U.S. at 393-94 ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . .")).)

---

[1] The Supreme Court held in *Heck*:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87.

## II. Plaintiff's Objections

Importantly, in his objections to the Magistrate Judge' Report, Plaintiff makes no mention of the Magistrate Judge's findings and recommendations regarding *Heck* and *Wallace*. (ECF No. 100.) Instead, Plaintiff specifically objects only to the portions of the Report that address the merits of his claims. Ultimately, however, and for the reasons stated below, the Court need not consider these portions of the Magistrate Judge's Report, because the Court finds that Plaintiff's claims are subject to dismissal pursuant to *Heck.*

## III. This Court's Review

As an initial matter, the Court notes that Plaintiff is no longer a pretrial detainee, as he was at the time the Magistrate Judge issued her Report.[2] Thus, the Magistrate Judge's recommendation to stay the case pursuant to *Wallace* no longer applies. Nevertheless, because Plaintiff has now been convicted, and because this civil suit would impugn those convictions, as the evidence used to convict Plaintiff appears to have been uniquely available as a result of the challenged traffic stop, search, and seizure, the Court finds that *Heck* requires dismissal. *See Wallace*, 549 U.S. at 394 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal . . . ."). In other words, the Court ultimately agrees that Plaintiff's claims are barred by *Heck* because a judgment in his favor on his claims that he was unlawfully stopped, searched, and seized, and that his constitutional rights were violated during his

[2] On June 10, 2026, Plaintiff filed a notice of change of address, reflecting that he is now housed at Kirkland Reception and Evaluation Center, which is operated by the South Carolina Department of Corrections and serves as the primary intake and classification facility for all male adult offenders sentenced to more than 91 days in prison. Indeed, a public index search of Plaintiff's criminal cases in Spartanburg County shows that case numbers 2024A4210200598 and 2024A4210200627 were disposed of on May 29, 2026, via guilty pleas. *See* https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (searching for Mohommad Jilani) (last visited August 24, 2026). Thus, Plaintiff is no longer a pretrial detainee.

subsequent prosecution, would necessarily imply the invalidity of Plaintiff's convictions. Indeed, the Court must dismiss Plaintiff's second amended complaint, as "the case at this stage amounts to no more than an unexhausted habeas corpus claim that collaterally attacks his conviction[s]."[3] *Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003); *see also id.* at 842 ("When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case the suppression would necessarily invalidate the criminal conviction, the stated principal of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983."); *Heck*, 512 U.S. at 487 ("When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Accordingly, the Court hereby **adopts in part** the Magistrate Judge's Report (**ECF No. 88**), to the extent that the Court finds that Plaintiff's claims are barred by *Heck*; the Court **overrules** Plaintiff's objections (ECF No. 100) and **denies** his other various motions (**ECF Nos. 94, 106, 110, 112, 113, 117**); the Court **grants in part** Defendants' motion for summary judgment (**ECF No. 70**); the Court **denies** Plaintiff's motion for partial summary judgment (**ECF No. 58**); and the Court **dismisses this action without prejudice and**

[3] Thus, Plaintiff's Fourth, Fifth, and Fourteenth Amendment claims (including his claim that officers failed to properly *Mirandize* him, to the extent he raises such a claim) are barred by *Heck*. Additionally, as to any claim Plaintiff attempts to raise for lack of due process under the Fifth Amendment, the Court notes that the Fifth Amendment's due process clause applies only to the federal government, and state actors cannot be sued under § 1983 for depriving a plaintiff of due process under the Fifth Amendment.

**without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 24, 2026
Charleston, South Carolina